1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DISCOVER GROWTH FUND, LLC,

                             Plaintiff,

     v.

CLICKSTREAM CORPORATION,

                           Defendant.

Case No. 3:22-cv-00427-LRH-CSD

ORDER

Before the Court is Defendant Clickstream Corporation's ("Clickstream") 12(b)(6) Motion to Dismiss. ECF No. 5. Plaintiff Discover Growth Fund, LLC ("Discover") opposed the motion (ECF No. 12) and Clickstream replied to the opposition (ECF No. 14). Also before the Court is Clickstream's Motion to Transfer Venue (ECF No. 8) which Discover opposed (ECF No. 13). Clickstream replied to the opposition. ECF No. 15. For the reasons articulated herein, the Court grants Clickstream's Motion to Transfer Venue and denies Clickstream's 12(b)(6) Motion to Dismiss as moot.

## I.   BACKGROUND

This matter primarily involves a contractual dispute and related causes of action stemming from Clickstream's alleged failure to repay money owed to Discover. Around November 2021, Clickstream allegedly sought to borrow money from Discover. ECF No. 27 at 3. The parties agreed to the transaction and Clickstream drafted a promissory note which outlined the terms and conditions of their agreement (the "Note"). *See id.*; *see also* ECF No. 8 at 3. The Note required Clickstream to repay Discover a principal sum of $600,000—subject to an "Original Issuers Discount of 20%"—plus accrued interest by May 16, 2022 (the "Loan"). ECF No. 27-1 at 2. The Note also contains a "GOVERNING LAW" provision which states that Florida law governs the

Note. *Id*. at 4. According to Discover, Clickstream failed to repay the Loan by the deadline which resulted in Discover issuing a "Notice of Default" to Clickstream. ECF No. 27 at 3.

Soon after, Discover filed its original complaint in United States District Court for the District of Nevada alleging that Clickstream (1) breached the Note by failing to repay the Loan; (2) intentionally misrepresented that the Note's terms were legal and acceptable to induce the Loan;  (3) was unjustly enriched as a result of the Loan; (4) engaged in deceptive trade practices concerning the Loan; and (5) breached the implied covenant of good faith and fair dealing. ECF No. 1 at 3–8. On June 27, 2023, the Court ordered Discover to file an Amended Complaint to cure a subject matter jurisdiction deficiency. ECF No. 26. That same day, Discover filed an Amended Complaint sufficiently pleading complete diversity of citizenship. ECF No. 27 at 1–2. After reviewing the Amended Complaint, the Court finds that it has subject matter jurisdiction over the present matter.

There are two pending motions before the Court at issue in this Order: Clickstream's 12(b)(6) Motion to Dismiss (ECF No. 5) and Clickstream's Motion to Transfer Venue to the United States District Court for the Southern District of Florida (ECF No. 8). The Court reviews the pending motions below starting with the motion to transfer venue. Because of the Court's ruling on the motion to transfer venue, the Court does not reach the merits of the motion to dismiss.

## II.    LEGAL STANDARD

### A.    Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498 (9th Cir. 2000) (quotation omitted). In making this assessment, courts normally "weigh the relevant [private and public-interest] factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist.*

*of Tex.*, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)) (listing common private and public-interest factors in n. 6); *see also Jones*, 211 F.3d at 498–499 (listing other common factors). The moving party bears the burden of establishing that the proposed district is a more appropriate forum for the action. *Operation: Heroes, Ltd. v. Procter & Gamble Prods., Inc.*, 903 F. Supp. 2d 1106, 1111 (D. Nev. Oct. 11, 2012).

## III.   DISCUSSION

### A.   Motion to Transfer

When transfer is premised on 28 U.S.C. § 1404(a), there are two requirements: "(1) that the district to which defendants seek to have the action transferred is one in which the action might have been brought, and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice." *Operation: Heroes,* 903 F. Supp. 2d at 1111. Those two requirements are addressed below.

#### 1.   The Action Could Have Been Brought in the Southern District of Florida

Clickstream alleges that transfer to the Southern District of Florida is proper because the action could have been brought there originally. ECF No. 8 at 9. Specifically, Clickstream argues that the Note was negotiated and executed in Florida, that Clickstream maintains its principal place of business in Florida, that its directors, officers, and consultants reside there, that the events alleged in the complaint occurred in Florida, and that Clickstream is subject to personal jurisdiction in Florida. *Id*. Clickstream also alleges that none of the underlying events in this matter occurred in Nevada and that the only connection to Nevada any party has here is that Clickstream is incorporated there. *Id*.

In opposition, Discover claims that Nevada is an appropriate forum because Clickstream is incorporated there. ECF No. 13 at 5. Discover alleges that the Note was not negotiated in Florida, but rather by a foreign-based broker living in Paris, France. *Id*. at 6. Moreover, Discover argues that because the Note was executed electronically, there is no objective evidence to support Clickstream's claim that it was executed in Florida. *Id*. Discover also argues that Clickstream's ties to Nevada are equal to its ties to Florida. *Id*. at 8. In reply, Clickstream argues that Discover knew Clickstream and its representatives operated from Florida while negotiating and executing

the Note as evidenced by electronic negotiation communications that contained e-mail signatures from Clickstream personnel with a Florida phone number and mailing address. ECF No. 15 at 5.

A civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(2). Here, the Court finds that the action may have been brought in Florida because a substantial part of the events giving rise to Discover's claims occurred there. As evidenced by the parties' drafting and negotiation e-mail chains, Discover knew that Leonard Tucker, Clickstream's personnel, drafted and negotiated the Note from the Florida address on his e-mail signature. *See* ECF No. 9 at 75–81; *see also* ECF No. 13-2 at 1–11. More importantly, Discover issued, and Clickstream accepted, payment of the Loan at a Bank of America branch located in Lighthouse Point, Florida. ECF No. 9 at 145. The most central events giving rise to Discover's claims—the Note's creation and negotiation as well as actual payment of the Loan—substantially occurred in Florida. Therefore, the events giving rise to Discover's claims have more substantial connection to Florida than they do elsewhere. For this reason, the Court finds that the present action may have been brought in Florida.

2.    Transfer Serves the Convenience of Parties and Witnesses and is in the Interest of Justice After Balancing the *Jones* Factors

In its motion, Clickstream claims that the *Jones* factors overwhelmingly weigh in favor of transfer. ECF No. 8 at 10. Clickstream argues that this litigation's "center of gravity" is Florida because the events giving rise to the complaint occurred in Florida, Clickstream's officers reside in Florida, and the representatives responsible for negotiating and executing the Note work and reside in Florida. *Id*. Additionally, Clickstream alleges that (1) compulsory process to compel unwilling witnesses in this matter is unavailable in Nevada (2) Florida courts are more familiar with Florida law which governs the Note, (3) costs of litigation is higher in Nevada than Florida, (4) most of the evidence and proof for this case is in Florida, and (5) the case generally has no connection to Nevada. *Id*. at 11–14.

In opposition, Discover argues that, on balance, the *Jones* factors do not favor transfer. ECF No. 13 at 10. Discover alleges that Nevada law applies to all causes of action in the Amended

Complaint except for the contractual breach claims and that Nevada is entitled to "paramount consideration" as a forum because it is plaintiff's choice. *Id*. at 7, 8. Discover also generally alleges that the parties' contacts with Nevada are equal to their contacts with Florida, that Clickstream's witness convenience and access to evidence arguments are irrelevant, and that litigating this matter in Nevada or Florida will be equally inconvenient. *Id*. at 8–10. In reply, Clickstream argues that the operative facts underlying the matter occurred in Florida and that Clickstream's contacts with Florida vastly outweigh any Nevada contacts it has. ECF No. 15 at 3, 5.

The parties agree that Clickstream bears the burden of establishing that Southern District of Florida is a more appropriate forum than Nevada. Clickstream's burden requires that it make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). To determine whether the moving party has satisfied its burden, courts in the Ninth Circuit balance eight factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–499. Background consideration is also afforded to forum selection clauses as well as relevant public policy of the forum state when deciding motions to transfer venue under § 1404(a). *Id*.

After balancing these eight factors, the Court finds that Clickstream has met its burden of demonstrating that transfer will serve the convenience of parties and witnesses as well as the interest of justice. Although the parties may disagree to what extent, the Note was substantially negotiated and executed in Florida which favors transfer. Second, the Note contains a choice of law clause that states Florida law governs the Note (ECF No. 27-1 at 4) which suggests the parties' intent for disputes to be resolved using Florida law. Naturally, Florida courts are most familiar with Florida law. Of importance here is that the parties contacts with Florida significantly outweigh their contacts with Nevada. While Discover argues that the parties' contacts with Nevada equal their contacts with Florida, it fails to establish affirmative Nevada-contacts other than reiterating

5

that Nevada is where Clickstream is incorporated. Apart from incorporation, the Court finds that the parties and this litigation have zero connection to Nevada. For example, neither Discover nor Clickstream conduct any business in Nevada and the Note and the Loan at the center of this litigation certainly has no ties here. Furthermore, the contacts relating to Discover's causes of action are unrelated to the Discover's chosen forum. The more appropriate forum for the contacts relating to Discover's causes of action is Florida. The Note was substantially drafted, negotiated, and executed there and that is where Discover issued, and Clickstream received, payment. Although the parties disagree over to what extent, transfer will undeniably impact witness availability in a favorable manner as the events witnessed occurred in Florida and at least some potential witnesses reside there as compared to Nevada. Moreover, access to proof certainly favors transfer as most of the events occurred in Florida meaning most of the proof remains there.

The only adverse factor of note is Discover's choice of forum. Typically, courts give deference to a plaintiff's choice of venue. *Ed. Planeta Mexicana, S.A. de C.V. v. Argov*, Case No. 2-11-CV-01375-GMN, 2012 WL 3027456, at *5 (D. Nev. July 23, 2012). However, less deference is given when "plaintiff's choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint." *Id.* Nevada is not Discover's residence and Discover has offered little to no evidence establishing how Nevada is significantly connected to the activities alleged in the Amended Complaint. The Court finds that less deference should be awarded to Discover's forum selection under these facts.

Because this matter could have originally been brought in the Southern District of Florida and because the *Jones* factors suggest transfer will serve the convenience of parties and witnesses as well as the interest of justice, the Court grants Clickstream's motion to transfer venue. Due to the Court granting transfer, the Court denies Clickstream's motion to dismiss as moot. The transferee court in the Southern District of Florida will be better situated to rule on Clickstream's 12(b)(6) Motion to Dismiss (ECF No. 5).

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that Clickstream's Motion to Transfer Venue (ECF No. 8) is **GRANTED**.

1          IT IS FURTHER ORDERED that Clickstream's 12(b)(6) Motion to Dismiss (ECF No. 5)

2    is **DENIED as moot**.

3          The Clerk of the Court shall transfer venue of this matter to the United States District Court

4    for the Southern District of Florida and close this case.

5          IT IS SO ORDERED.

6          DATED this 6th day of July, 2023.

7                                          LARRY R. HICKS

8                                          UNITED STATES DISTRICT JUDGE